Good afternoon, your honors, and may it please the court. Aaron Courtheis with the Northwest Immigrant Rights Project on behalf of Petitioner Makenzy Alfred. I'd like to reserve three minutes of my time for rebuttal. All right. Thank you, counsel. Thank you. This court's decision in United States v. Veltivea Flores squarely controls the outcome of this case. In the proceedings below, the BIA held that Mr. Alfred's Washington Robbery offense is an aggravated felony, even though accomplice liability for Washington Robbery extends beyond the type of crime for which Congress intended to make someone removable. I'll first address why this is so in the context of Washington Robbery and then turn to some of respondents' arguments in response. Now, first, Washington Robbery is overbroad when compared to the generic crime of theft in the Immigration and Nationality Act, the INA. For Washington Robbery to be an aggravated felony, its elements must guarantee that someone's convicted only where there's specific intent. That specific intent requirement flows directly from the Supreme Court's decision in Duenas Alvarez and this court's decision in Alvarado-Pineda. Now, in addition, the elements for accomplice liability must also match the generic definition of theft. The Supreme Court explained this requirement in Duenas Alvarez, saying, quote, The criminal activities of aiders and abettors of a generic theft must themselves fall within the scope of the term theft in the federal statute. And that's because, as this court explained in Valdivia Flores, accomplice liabilities is part of, quote, every criminal charge. And this is, in fact, clear in Washington state. You know, in Washington state, every time someone is charged as a principal, they're By extension, it's also part of every conviction. So as a result of all this, what it means is accomplice liability must require that the accomplice had specific intent to aid in a theft. But in Washington, of course, that's not the case, as this court recognized in Valdivia Flores. In Washington, an accomplice can be convicted based only on knowledge. Again, Valdivia Flores makes this clear, saying, quote, that Washington has a more inclusive mens rea requirement for accomplice liability than its federal analog. The federal analog. What do we do with Alvarado-Pineda? What does that do to your argument? Well, Your Honor, Alvarado-Pineda isn't controlling here. And that's one of the, of course, the government's responses. But it's not controlling because in Alvarado-Pineda, this court never addressed the question of accomplice liability. In fact, what the petitioner in Alvarado-Pineda argued that there's not a match between Washington robbery and generic theft because of the use of force in Washington. But as this court rightly noted, that's really an argument about whether Washington robbery is a crime of violence, not whether its elements match. And the petitioner there never raised the accomplice liability question. And for that reason, it can't constitute a binding precedent. We cited several decisions in our brief making that clear from the Supreme Court and this court. And in fact, in Valdivia Flores, this court actually confronted the exact same situation and said that it could still reach this accomplice liability question. And I just want to quote from the decision because it's directly on point. This court there said, quote, that we have rejected an overbreadth challenge to this Washington statute before is irrelevant because such challenge was based on an argument unrelated to the overbreadth of the aiding and abetting component of the statute. Counsel, in Valdivia Flores, was the statute issued there a specific intent statute for a principle, not for accomplice liability, for a principle? I am not a hundred percent positive, your honor. I think so, but I can't say that confidently. I'm sorry. I think it was general intent. The premise of Valdivia Flores was that in a case called Garcia and in cases before Garcia, that we had held that federal law required that accomplice liability be proved with specific intent. And so there was a mismatch between those two because the Washington statute appears to require general intent rather than specific intent for accomplice liability. Now, in the Supreme Court's decision in Rosemont, there was quite a bit of discussion about how accomplice liability or aiding and abetting liability fits in with the conviction of the principle. I did not see one word in Rosemont about any differences between general liability and specific liability. Is there anything in Rosemont that you know of that addresses the question as to whether aiding and abetting under federal law requires specific intent or general intent? Not that I know of, your honor. When I look at Rosemont, what I see is that the Supreme Court made clear that what an specific federal statute for accomplice liability is intent to commit an offense and full knowledge and active participation. And Judge Alito in dissent actually notes like it's unclear what the court's requiring, whether it's knowledge or specific intent. But it does appear in Rosemont that the court interpreted 18 U.S.C. Section 2, the aiding and abetting statute, as sort of a chameleon-like statute that it requires the intent of whatever the principle statute is it's attaching to, because it's been merged into that statute. So that if a statute required general intent for a particular act, then in order to convict somebody of accomplice liability, you would have to show general intent. But if the statute required specific intent, then in order to approve aiding and abetting, you would have to show specific intent. Am I getting that correctly? I think perhaps that's true, Your Honor. But if that is true, I don't think that fixes anything here. Right. Because if the main or the principal offense here, right, is generic theft, generic theft requires specific intent. And for that reason, even if this court were to look at Rosemont and the federal definition of accomplice liability, an accomplice is also going to need specific intent. And in Washington, that's definitely not the case. In Washington, again, only knowledge is required. And that's something special that the Supreme Court said was needed. But that would make that would make Rosemont relevant to your argument, and it would make Valdivia nearly irrelevant to your argument. Well, Your Honor, and maybe I'm not quite understanding, but I don't think that's that's true. I think that what Valdivia shows is that and Dwayne's Alvarez shows is that we have to look at the intent of generic theft, which is specific intent, and compare accomplice liability to that. Well, the problem in Valdivia Flores that I'm focusing on, because I'm trying to figure out what the scope of Valdivia Flores is and how Valdivia Flores works with Rosemont, which it didn't cite, it didn't use at all, because in Valdivia Flores on page 1207, that's where that's where it discusses Garcia. We said that that the federal crime of aiding and abetting required specific intent. Now, if that's true, then then any conviction under any criminal statute in Washington is now not aggravated an aggravated felony because the Washington statute clearly inquires general intent and therefore is a mismatch with the federal requirement of specific intent. But that doesn't I don't I'm not sure that we can square what what how we characterize Garcia in Valdivia Flores with Rosemont. Well, Your Honor, I guess a couple of responses to that first, you know, in Valdivia Flores, this court acknowledged that, yes, the Washington offense is an is not an aggravated felony. Right. And related to that point, even if the offense here isn't an aggravated felony because of Valdivia Flores, the government has other tools at its disposal to make someone removable, like crimes of moral turpitude provision, the crime of violence provision.  And on a related point, you know, even if this court were to to ask and maybe this is what your questions are getting at, Judge Bivey, but that whether Washington's accomplice liability statute should be compared to a generic accomplice liability, that might look in part to how federal law defines it. This court would also have to look, and this is very clear that in defining a generic offense to state law and as we made clear in our brief under state law, 42 different states require specific intent or the intent of the principal to hold someone liable as an accomplice. And for that reason, a generic accomplice liability, too, is going to require something more than what Washington requires, because, again, Washington only requires knowledge. Yeah, again, that that that that doesn't seem to square with Rosemond. Because as I as I read, as I read Rosemond, all the court said was we have now merged accomplice liability with a liable you can be liable as a as an accomplice on the same degree as the principal. But whatever you have to prove in order to show the principal, whatever motivation you have to prove, whatever intent you have to show for the principal is what you're going to have to show for the accomplice as well. And if so, then it seems to me that Valdivia Flores is correct in part and wrong in part. Well, your honor, I guess to me that doesn't sound different than exactly what the Supreme Court instructed in Duenas Alvarez. I quoted that line earlier from Duenas Alvarez, where the Supreme Court said in order to and I guess let me find it back here one second. But in order, the court said, quote, the criminal activities of aiders and abettors of a generic theft. So the principal offense here must themselves fall within the scope of of the term theft in the federal statute. And the term theft here is defined as requiring specific intent, like which which means that an aider and abettor would have to show specific intent. And your argument is under the statute that Washington has reduced that burden to general intent and therefore you win. I'm I'm I'm I understand your argument. I'm for your client and appreciate it. I'm trying to figure out I'm trying to figure out whether we've gone too far in Valdivia Flores. I'm trying to figure out how Valdivia Flores squares with with with Rosamond, which it did not, which it did not discuss. Right. And I appreciate that. And here, of course, Valdivia Flores is binding on the panel. And in that sense, and as I've explained, I think it compels the results here that Mr. Alfred's aggravated felony offense is binding to the extent that it is consistent with Supreme Court authority. That's true, Your Honor, although Rosamond did come before Valdivia Flores was decided and my understanding of how a panel can overrule a prior panel's precedence, usually there has to be intervening case law. Panel can't overrule a Supreme Court decision. So if it's inconsistent with the Supreme Court decision, the Supreme Court decision governs. Certainly not. But of course, we can't overrule a Supreme Court precedent. But again, I think, first of all, Duenas Alvarez is where the court should look to for the inquiry here. And you're saying we should ignore Rosamond? No, no, Your Honor, I think that Rosamond doesn't have anything to say about how the inquiry in this case is supposed to proceed. And Duenas Alvarez does inform it. And Duenas Alvarez makes clear what's that there is no match here because you think all of Judge Biby's questions were irrelevant. No, Your Honor, I appreciate them, and I think I know what he's getting at, but my first response to them, again, is that, well, Duenas Alvarez controls the inquiry here. And then the second response to him was that, look, even if this court were to look at Rosamond to try to define what a generic accomplice liability would be rather than what generic theft requires, that still wouldn't mean that Mr. Alvarez's offense is an aggravated felony. And that's because generic accomplice liability is going to look to how the Supreme Court defined it in Rosamond, but also to how the states define it. And the states are making clear that specific intent or the intent of the principle is required. All right, Counselor, do you want to say it's in time for rebuttal? I do. Thank you, Your Honor. All right. Ms. Shea. May it please the court. My name is Jacqueline Shea, and I represent the Attorney General of the United States. I ask this court to come to the following two conclusions. One, this court's decision on Alvaro Pinedaia is controlling. Mr. Alvarez's conviction for second-degree robbery is a categorical match to the generic definition of an aggravated felony theft offense. Okay, Counselor, before you go on, though, I need you to tell me, is the crime of conviction here, does it require specific intent or general intent for a principle? Specific intent is required in this case. It does require specific intent. That's correct, Your Honor. This court found that in Alvaro Pinedaia when it did the categorical match. Okay, then how do we then how do you address the problem that the Washington statute seems to require only general intent for accomplice liability? That would suggest that would suggest that if two of us went out and my buddy decided to they couldn't prove that he had specific intent, that he goes free. But if I if I helped him in some way, then I could be convicted. So the guy who commits the robbery gets to go free and the guy who's the accomplice is stuck in jail. Well, Your Honor, for two reasons, Duane S. In that case, I think it would say the reason in the context of that decision, Your Honor, the reason they even look to aiding and abetting was because the statutes on its face in that case expressly include accomplice liability here and Alvaro Pinedaia, the panel. Then they decided that case, which was several years after Duane S. They decided not to consider aiding and abetting at that time. And additionally, was there any reason to consider aiding and abetting in that in that particular case?  However, you know, in Duane S. And even in Corona V. Sanchez, which is cited in that case that raised issues of aiding and abetting. Your Honor, also, I think you could, you know, keep Olivia Flores in this case. And it's consistent with Alvaro Pinedaia because Olivia Flores was the context of that case is a felony ground, where in this case, it's G. Okay, I want to take you back to the to the liability for the conduct of another. That's that's 9A.08.020. This is Washington's accomplice liability. Am I correct in understanding that Part 3, which is the accomplice liability, 3A, the knowledge there is not a specific intent requirement. It's only a general intent requirement. Am I correct in that? Yes, Your Honor. This court in Olivia Flores found that. Then how do you square the government's position in this case with Rosemond, where the court seemed to suggest? I thought pretty strongly that the that the motivation for the principal, but the motivation for proving the accomplice had to be the same motivation as that of a principal. Well, Your Honor, specifically in Rosemont, it was rejected a requirement of specific intent. That argument was made and the Supreme Court rejected that. And there is. Yeah, yeah, but you're missing. You're missing the point. The point that I understood from Rosemont is that whatever the intent requirement is for the principal, you must show the same intent or at least no lesser intent for the accomplice. So if if if the statute just requires general intent, then you can prove accomplice liability through general intent. If the statute requires specific intent, then for the accomplice, you must also show specific intent. That's what I understood from Rosemont. Do you understand something different? Your Honor, I agree with you that the intent in Rosemont was to go to the full scope of the crime. However, in that case, it wasn't required. Specific intent was not required for the principal in that case, which means that accomplice liability could be shown with general intent. Yes, Your Honor. And in that case, they said the intent that was satisfied was a person who is actively participating with full knowledge of the circumstances of the church. If the statute requires specific intent for the principal, does it require proof of specific intent for the accomplice? The whole premise of Rosemont and Duane Alvarez is that after the common law that we have merged the idea of aiding and abetting or accomplice liability into the entire crime. And so I don't see how you get a lesser burden of proof to show accomplice liability than would be required to show that the principal had violated the statute. Am I missing something? Your Honor, I mean, aiding and abetting is a theory of liability. It is not a standalone offense as it is. So there is no one who is convicted of aiding and abetting is convicted as the principal. So the necessity to do a separate categorical analysis is not there's nothing. Petitioner has shown no reason to go to that second categorical. The statute says that you could be convicted as an accomplice with general intent and they can hold you accountable for a specific intent crime. Why isn't that wrong? That would be inconsistent with the theory of Rosemont. And you went to the jury here that Mr. Alfred was an accomplice and under the Washington statute, you told me that all they had to prove, all you had to prove was general intent. They convicted him of robbery, which is a specific intent crime. You lowered your burden of proof. Well, Your Honor, I think, again, the context of Lillian Flores was in a different aggravated felony provision. And this court has also has limited that analysis in a separate case, in Doar. This court's decision in Doar and Shuler also support that. Franklin was abrogated in Shuler. But while Shuler did not expressly abrogate the court's holding of Olivia Flores, it didn't need to reach that issue. Franklin's definition of a general crime of aiding and abetting because it was matching the state elements to the generic offense. The Supreme Court also noted in a footnote that knowledge of the illicit subsets fell out of the question presented. So, Your Honor, I think additionally, even though Shuler did not reach the issue of the analysis of Franklin, it doesn't necessarily mean that is good law in this case. And, Your Honor, even if, even in this case, if you disagree with me, Your Honor, and you think that this matching is required between the mental state, the reason in Olivia Flores that the mental state was used was of Article 2 was because it was an underlying federal comparison. I'm sorry, the aggravated felony grounded issue is not relevant here. Here, the aggravated felony ground arises out of case law in state law. And not from a federal criminal trafficking statute. So, the definition here would be you go to, it was Duenas and not to Roselon or not, and not to Olivia Flores. And the definition in Duenas, it didn't say it required a specific intent. Rather, the definition, the generic definition in that case was broad enough to include the natural and probable consequences doctrine. In Washington, the Indian Abetting Statute here is a mental state. Why this court disagreed with us in Olivia Flores is that it was not similar to specific intent. It is more than mere knowledge. It is the knowledge that will promote and facilitate the crime. It is well within the grounds of the Duenas generic definition. Your Honor, if you don't have any additional questions, I'll briefly conclude. In summary, yes, Your Honor? I think it appears not. Okay. In summary, Alvaro Pinedaia is controlling, and Mr. Alfred's Washington robbery conviction is categorically an aggravated felony offense, and he is removable. Accordingly, we ask this court to deny Mr. Alfred's petition for review. Okay, a question did come to me. Do we have to overrule Alvaro Pinedaia if we adopt the reasoning of Olivia Flores? Again, I don't think we do, Your Honor, because of Olivia Flores, again, involved a different aggravated felony ground than has been here. So I think it's not necessarily inconsistent. Additionally, this court has, as I mentioned in Doar, rejected the analysis that Olivia Flores applied to all aggravated felony grounds, and in that case found that a crime of violence was a different aggravated felony ground. So based on the context... In that case, it was not comparing the elements. It said it was looking at the force clause as opposed to comparing the elements. That's true, Your Honor. But again, I would also say that at the time that this court considered Alvaro Pinedaia, that was several years after Juanez Alvarez, and I think it's reasonable to infer that that panel considered that aiding and abetting at that time and decided against it. Are there any other questions from the panel? From Ms. Shea? All right. Thank you, Ms. Shea. Rebuttal? Thank you, Your Honor. Just briefly, as I mentioned in my opening argument, Valdivia Flores is, of course, controlling here, unless there's clearly irreconcilable precedent from the Supreme Court. I don't think that standard is met here for the reasons I've outlined before. But even if, or under either form of analysis that we've talked about here, Mr. Offred's going to win. Going first to what Judge Vibey has talked about and having the chance to listen to him a little bit more. If Rosamond requires, as I think Judge Vibey says it does, that the intent for the principle also must be the intent for the accomplice, we win because the government concedes that specific intent is required for the principal offense here. And even if this court were to go by Duenas-Alvarez, which says that you look to accomplice liability and you make sure that it matches the underlying offense, theft, here, once again, we win because specific intent is required for theft. And here, Washington's accomplice liability statute requires only knowledge. So either way, Mr. Offred is going to prevail. Two other brief points. The government briefly mentioned Shuler. That case isn't controlling here because it addressed a different issue about how the court goes about defining a quote, serious drug offense. I believe it's simply not relevant to the analysis here. And for the same reason, the natural and probable consequences doctrine also isn't an issue here. It's simply a red herring that doesn't say anything about whether accomplice liability matches the offense at issue or the federal statute offense that's at issue. So for all those reasons, and if the court has no further questions, we'd ask that it grant the petition for review. Thank you. Thank you, counsel. Thank you to both counsel for your helpful arguments. The case just argued is submitted for decision by the court. The next case on calendar, Wheatley Corporation v. Wright has been submitted on the briefs. The final case on calendar for arguing today is Sightline v. Public Utility District No. 2.
judges: Rawlinson, Bybee, England